### No. 9114.

## WATER SUPPLY & STORAGE COMPANY *v.* LARIMER & WELD RESERVOIR COMPANY.

WATER RIGHTS—*Change of Place of Storage.* An irrigation company applying for leave to change the place of storage of certain waters which have been adjudged to it, has the burden of showing that no substantial invasion of the rights of others will result from the proposed change.

Where the testimony is in conflict an order denying the application will be affirmed.

*Error to Larimer District Court, Hon. Neil F. Graham, Judge.*

Mr. T. J. LEFTWICH, Mr. L. R. TEMPLE, for plaintiff in error.

Mr. CHARLES D. TODD, Mr. CHARLES E. SOUTHARD, Mr. DELPH E. CARPENTER, Mr. L. R. RHODES, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS proceeding was brought in equity by The Water Supply & Storage Company, against all other water users

in Water District No. 3, to obtain a decree for a change of the place of storage of certain waters, to the use of which it was entitled for irrigation.

The petitioner is the owner of two reservoirs, known respectively as Long Pond Reservoir and Black Hollow Reservoir, both in Water District No. 3. It sought a decree allowing it to change its storage right in Long Pond Reservoir to Black Hollow Reservoir. After a full hearing, the application was denied, and the petition dismissed, and petitioner brings the record here for review.

The case was brought upon the theory that the matter was one for equitable relief. The question as to whether the proceeding should not have been brought under the general adjudication statute was raised below by demurrer. In our view of the matter it is not necessary to determine that question.

It appears that the water decrees in District No. 3 are dependent upon the water in the Cache la Poudre River, the available flow of which fluctuates with different seasons from fifty cubic feet per second to one hundred and twenty-five cubic feet; and that by reason of the exchange of water for irrigation among various appropriators, the rights of water users are unusually complicated and interrelated. The basic question to be determined, therefore, is not whether this suit should have been in law, in equity, or under the statute, but whether the granting of the relief sought, in any proceeding, would work injury to other appropriators. Regardless of the form of action, the burden is upon petitioner to establish the fact that no substantial injury to the vested rights of others would result from the proposed change. That is the only issue involved. All parties presented expert and lay testimony, and after the case had been closed, petitioner was allowed to reopen it, for the purpose of producing more testimony relative to the effect of the proposed change upon the rights of others. The evidence was conflicting, and the findings of the court were adverse to petitioner.

The matter must be disposed of under the well established rule, recently reaffirmed in *Lee v. Gunby*, (Colo.) 171 Pac. 1145, where this court, at page 1146, said:

"The conclusion reached by the trial court is based upon and supported by the testimony adduced. Much of it, especially as to the controlling points, was in direct conflict, and the court resolved the issues in favor of Gunby. There is nothing in the record, either of law or fact, which necessitates a different conclusion. It is well settled that upon conflicting testimony a judgment will not be disturbed if there is sufficient evidence to support it."

The findings of the trial court are supported by competent testimony; indeed, we think by a clear preponderance thereof; and there is nothing in the record, either of law or fact, which requires any change or modification of its conclusions. The judgment is accordingly affirmed.

Judgment affirmed.

Mr. Chief Justice Hill and Mr. Justice Allen concur.